**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 14 2021

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

**RACIE PHILLIPS**                                                                          **PLAINTIFF**

**VS.**                          CIVIL CASE NO. 2:21CV 166 -KGB

**UNITED STATES OF AMERICA**                                      **DEFENDANT**

This case assigned to District Judge Baker
and to Magistrate Judge Harris

**COMPLAINT**

Comes Now, Plaintiff, Racie Phillips, by and through the undersigned attorney and filed his Complaint against the above-named Defendant on the following grounds, states:

1.    This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2.    That on March 12, 2020, the Plaintiff submitted a Federal Tort Claim to the U.S. Department of Justice Federal Bureau of Prisons.

3.    That on June 23, 2021, the U.S. Department of Justice Federal Bureau of Prisons denied Plaintiff's claim for medical negligence. (Exhibit "1" Denial of Federal Tort Claim").

4.    That this cause of action is being brought in the time and manner prescribed by the Federal Tort Claims Act.

5.    Venue is proper within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the Eastern District of Arkansas, in St. Francis County, Arkansas.

**PARTIES**

6.    That Plaintiff, Racie Phillips, was an inmate at the Federal Correctional Institution in Forrest City, Arkansas at all times pertinent to this cause of action.

7.    That the United States Bureau of Prisons is an agency of the United States of America.

1

8.    The United States of America is the appropriate defendant under the Federal Tort Claims Act.

## FACTS

9.    That the Plaintiff was an inmate in the United States Bureau of Prisons at the Federal Correctional Institutional at Forrest City, Arkansas on March 15, 2018, when he injured his Patella Tendon.

10.    That Plaintiff was seen by a nurse in the course and scope of her employment and agency with the United States Bureau of Prisons on March 16, 2018 where he was prescribed Tramadol for his pain, but never administered any pain medication.

11.    On March 19, 2018, the physician's assistant in the course and scope of her employment advised the Plaintiff that his injury to his left knee required that she set an appointment for medical treatment outside of the Federal Correctional Institution.

12.    On March 29, 2018, the Plaintiff has surgery to his left knee to repair a Patella Tendon Injury.

13.    That the Plaintiff was not provided with a hinged knee brace for post-op motion control as ordered by the Orthopedic surgeon and the Defendant refused to provide a wheel chair after his surgery where he could elevate his leg for

14.    The Plaintiff was made to walk up five flights of stairs after his surgery on March 29, 2018.

15.    There was augmentation of the left knee secondary to delayed repair.

16.    On April 13, 2018, Nurse Newman removed the staples while pus was draining from the Plaintiff's knee.

17.    On May 16, 2018, the Plaintiff went to sick call, and he showed his swollen knee to the nurse on duty Ms. Futrell in the course and scope of her employment and agency with the United States Bureau of Prisons and she said it was not medical staff at the FCI to see him because he was scheduled to be treated by an Orthopaedic.

18.    On May 17, 2018, the Plaintiff went back to sick call because of the swelling and pain in his knee and Ms. Futrell in the course and scope of her employment and agency refused to take his sick call form and sent him back to Unit C-3.

19.    On May 21, 2018, the Plaintiff was in Unit C-"3" and as he walked he felt a pop in his left knee.

20.    On May 21, 2018, the Plaintiff's knee was examined by Ms. Harris and Ms. Loveday and an x-dray was ordered.  After the results of the x-ray, the Plaintiff was taken to Forrest City Hospital and another x-ray was taken of the left knee.  The x-ray showed that the Patella Tendon had popped and the left knee had an abscess.

21.    On May 21, 2018, the Plaintiff was immediately transferred to Methodist Hospital with left knee pain and swelling and upon examination, it was determined that his knee was very swollen, tender and warm.  The Patella was ballotable, and the knee joint was puffy consistent with fluid collection.

22.    On May 22, 2018, the Plaintiff underwent surgery for a revision of the left patellar tendon repair and for an I & D hematoma of the left knee.

23.    On May 24, 2018, Dr. Woodard in the course and scope of her employment with the Defendant, said Nurse Newman was not supposed to remove the staples and that Plaintiff should be referred back to Dr. Sokoloft for the removal of his staples.

24.    On May 25, 2018, the counselor, Ms. Cosen moved the Plaintiff downstairs to C-1 after consulting with medical.

25.    On June 11, 2018, the Plaintiff was given a new wheelchair by Nurse Harris.

26.    On June 11, 2018, Dr. Woodard told Ms. Harris to get the Plaintiff back to Dr. Sokoloft to remove the staples, but she refused to follow the order of Dr. Woodard.

27.    On June 23, 2018, the Plaintiff awoke with pus and blood oozing from his staples in his left knee., but he was not allowed to go to medical until June 25, 2018.

28.    P.A. Ms. Harris ordered RN Ms. Loveday to remove the staples, but Ms. Loveday said that R.N. are not allowed to remove the staples.

29.    On June 25, 2018, P.A. Ms. Harris in the course and scope of her employment with the Defendant removed the staples from the Plaintiff's knee.

30.    P.A. Harris removed the staples and as she was removing the staples pus was still coming from the Plaintiff's left knee.  P.A. Harris ordered an antibiotic Bactrium to be taken for 14 days.  P.A. Harris told the Plaintiff that she had tried for three 3 weeks to get it approved for him to see Dr. Sokoloft his Orthopedic surgeon.

31.    On June 26, 2018, Dr. Woodard in the course and scope of her employment told RN Williams that the Plaintiff's knee was not infected and that he didn't need any antibiotics.

32.    On June 28, 2018, RN Ms. Williams during dressing change said that Plaintiff needed to go to the pill line and get some antibiotics for my left knee infection.

**CAUSE OF ACTION:**

4

33.   That the Defendant, the United States of America, through its agents, servants and employees are guilty of one or more of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiff's injuries and pain and suffering and disfigurement:

a.   Negligently and carelessly deviated from the standard of care required and expected by the Defendant in diagnosing and treating the Plaintiff's Patella Injury in a timely and appropriate manner.

b.   Negligently and carelessly deviated from the standard of care in failing to timely and properly treat the Plaintiff's wound from her surgery for his Patella injury.

34.   That Plaintiff, specifically alleges that the Defendant, the United States of America, through its agents, servants, and employees acting with the scope of their employment was negligent in the medical care and attention rendered to the Plaintiff in failing to recognize the injury to his Patella and in obtaining appropriate evaluation and treatment of his Patella injury in a timely manner and failing to refer him for appropriate treatment; and these omissions were a failure to exercise the degree of care, skill and diligence used by medical providers in this community and/or a similar community, under the same or similar circumstances presented to the Defendant and was the proximate cause of the Plaintiff's delay in healing, unnecessary pain and suffering.

## INJURIES AND DAMAGES

35.   The Plaintiff has a direct and proximate cause of the negligence, breach of duty and failed acts or omissions by the Defendant, the United States of America caused the Plaintiff to suffer serious physical injuries including, but not limited to:

5

a.  severe and physical damages to his left knee resulting in extreme pain and suffering that required medical treatment.

b.  caused the Plaintiff to endure severe emotional distress and mental anguish.

c.  caused the Plaintiff to have a loss of normal enjoyment and pleasure of life; and

d.  caused permanent injuries.

**WHEREFORE,** Plaintiff, Racie Phillips, prays that he be awarded compensatory damages in the amount of 250,000.00; for his severe and physical damages that resulted in extreme distress and mental anguish; and for permanent injuries and future pain and suffering; for a jury trial and all other relief to which he may entitled.

Respectfully submitted,

Sheila F. Campbell
Bar # 83-239
Attorney for Plaintiff
Sheila F. Campbell, P.A.
2510 Percy Machin
North Little Rock, AR  72114
(501)  374-0700(telephone)
(501)  372-5375(fax)
campbl@sbcglobal.net



**United States Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*U.S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Prairie, Texas  75051*

Date Mailed:   June 23, 2021

<u>CERTIFIED MAIL</u>
7017 3380 0001 0235 7227

Ms. Sheila F. Campbell
SHEILA F. CAMPBELL, P.A.,
ATTORNEYS AT LAW
P.O. Box 939
North Little Rock, AR 72115

Re:    PHILLIPS, Racie, Reg. No. 26950-009
Administrative Tort Claim No. TRT-SCR-2020-03755

Dear Ms. Campbell:

The tort claim submitted by your client, former federal inmate Racie Phillips, Register Number 26950-009, has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, *et seq.*, and authority granted by 28 C.F.R. § 0.172. The claims seeks $1,000,000 (one million and no/100 dollars) for asserted medical malpractice liability.

Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency acting within the scope of their office or employment.

Your client claimed that he received delayed and inadequate medical treatment after he tore his Patella tendon while incarcerated at the Federal Correctional Complex, Medium Security Institution, in Forrest City, Arkansas. He claimed that the asserted delay and inadequate treatment resulted in an infection and unnecessary pain and suffering.

An investigation into your client's claim found his allegations unsupported by the evidence and revealed that he did not suffer a loss of personal property or injury caused by the negligence of an employee of the United States acting within the scope of employment. The investigation showed that your client was noncompliant with treatment, including refusing a wheelchair, failing to appear for dressing changes, and skipping doses of antibiotics. The infection and any unnecessary

*PHILLIPS, Racie, Reg. No. 26950-009*
*TRT-SCR-2020-03755*
*Pg. 2*

pain or suffering were attributable to your client's noncompliance. Accordingly, your client's claim is denied.

You are advised that if Mr. Phillips is dissatisfied with the determination in this matter, he is afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Jason A. Sickler
Regional Counsel

cc:    John P. Yates, Complex Warden
       FCC Forrest City

**EXHIBIT**

*1*